SAMUEL E. SPROUT AND JAMES M. SPROUT, RESPONDENTS, v. ROBERT L. NEWTON AND FREDERICK C. BURMASTER, APPELLANTS.

*Evidence as to a breach of warranty as to the capacity of a patented machine — when the testimony of a witness as to the capacity of another machine of the same kind and made at the same place is admissible — when special damages must be alleged in the pleading.*

APPEAL by the defendants from a judgment, entered against them on a verdict rendered at the Chautauqua Circuit.

This action was brought to recover the amount of the balance, alleged to be due the plaintiffs, of the price of Williams' patent evaporator, sold by them to the defendants. The contract for the sale was executory in character, was made between the parties in August, 1880, and by it the plaintiffs agreed to manufacture, furnish to the defendants on the twentieth of that month, and set up in good working order, Williams' Patent Evaporator No. 3, having an

evaporating capacity of one hundred and fifty bushels of apples or peaches in twenty-four hours, for $800, which the defendants agreed to pay. The machine was furnished and set up by the plaintiffs, and the defendants proceeded to operate it. The defendants claimed that there was a breach of the agreement, that the machine had the capacity of evaporating one hundred and fifty bushels in twenty-four hours.

The court at General Term, after considering and overruling other objections, said : " There was a question as to the capacity of the machine. And the defendants gave evidence tending to prove that it would not evaporate one hundred and fifty bushels of apples in twenty-four hours, but that its productive capacity was less than half that quantity. The plaintiffs thereupon called a witness who had used the No. 3 machine and had seen other like machines work, but had not seen the machine in question, and asked him : What do you say, from your experience in running one of these evaporators, such as has been described, would be the capacity running in the ordinary way, for twenty-four hours, of a No. 3 Williams Evaporator?

" The objection being overruled and exception taken, the witness answered, one hundred and fifty bushels of apples it will dry in twenty-four hours. It was not material to prove what work any other machines than the one in question would do, and unless this evidence was such as necessarily tended to prove that fact it was incompetent. It appeared that the structure was treated as patented, that there was one designated as Williams' Patent Evaporator No. 3; that the one the witness had used was the same kind as that in question and manufactured at the same place. So far, therefore, as related to the capacity, the inference is required that they were the same, because like causes produce like effects if all the conditions are the same. An exactly similar furnace, having a like fire-pot and equal draft, would, by the use of fuel in like quantity and quality, heated to the same degree, produce a like quantity of heat and its effect would be the same in both cases. This may not have been evidence of the capacity actually developed by the use of the machine in question, but related to its capacity assuming that it was perfect in all its parts. And we think it was competent to that extent, and any defects which went to impair its productive power may have been the subject of proof. * * *

"The defendants gave evidence tending to prove that some portion of the apples were scorched and thus colored some while in the process of evaporation with this machine, and then made of the witness the inquiry as to what was the market-value of the apples cured by the machine, what were the apples cured by it worth, and offered to prove the difference in value of the fruit dried by it, and that of fruit dried in a first-class manner, and this being excluded, exceptions were taken. The fact that the contract of sale is executory, does not deny to the vendee the right after acceptance to make an express warranty furnished by it available in support of a claim for damages sustained by its breach. (*Day* v. *Pool*, 52 N. Y., 416; *Brigg* v. *Hilton*, 99 id., 517.)

"While the defendants alleged that the plaintiffs undertook that the machine had the capacity of one hundred and fifty bushels in twenty-four hours and should do first class work; that there was a breach of the undertaking and that damages resulted, there is no allegation in the answer of damages of the character of those sought to be proved by the rejected evidence or of any special damages caused by the breach. This was probably the reason the evidence was excluded. And this was without error, as in the absence of allegations of special damages, it may be assumed for the purposes of the trial, that the damages in view are such only as may reasonably be supposed to have been within the contemplation of the parties when the contract was made. And that rule as applied to breach of warranty on the sale of personal property in respect to its character or quality, embraces damages measured only by the difference between the value of it as it was, and the value, as warranted, it would have had." (*Squier* v. *Gould*, 14 Wend., 159; *Voorhees* v. *Earl*, 2 Hill, 288; *Muller* v. *Eno*, 14 N. Y., 598, 606.)

*Holt & Hatt*, for the appellants.

*J. S. Lambert*, for the respondents.

Opinion by BRADLEY, J., BARKER, P. J., and DWIGHT, J., concurred; HAIGHT, J., not sitting.

Judgment affirmed.